**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RICK MACHADO,

                Plaintiff - Appellant,

   v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant - Appellee.

No. 09-15984

D.C. No. 1:07-cv-00955-TAG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Theresa A. Goldner, Magistrate Judge, Presiding

Argued and submitted June 16, 2010
San Francisco, California

Before: RIPPLE, Senior Circuit Judge,[**] RYMER and FISHER, Circuit Judges.

Rick Machado appeals from the district court's affirmance of the final

decision by the Commissioner of Social Security denying Machado's application

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [***]    The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

for supplemental security income benefits. We affirm in part, and reverse and remand in part.

The ALJ was not obliged to find Machado's borderline intellectual functioning per se severe, as Machado contends. *See Vasquez v. Astrue*, 572 F.3d 586, 596-97 (9th Cir. 2009) (remanding to the ALJ for a determination of *whether* claimant's borderline intellectual functioning was severe). His finding that it was not severe at Step 2 is supported by substantial evidence. An impairment or combination of impairments is "not severe" when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. Soc. Sec. Rul. 85-28; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The ALJ based his findings on Dr. Hawkins's post-hearing evaluation – the only evidence of psychological impairment in the record. While Dr. Hawkins noted scores in the low average to borderline deficit range for intellectual functioning and memory, he indicated no functional limitations resulting from Machado's impairment, except for an inability to perform complex reading and math. Machado points to no evidence suggesting his borderline intellectual functioning is more than a slight abnormality. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("The burden of proof is on the claimant at steps one through four

. . . ."); *see also* Soc. Sec. Rul. 85-16 (noting that individuals who have an IQ between 70 and 79 "should ordinarily be able to carry out [simple oral] instructions" under limited supervision).

Machado also argues that there is a conflict between the Vocational Expert's (VE) testimony and the *Dictionary of Occupational Titles*. Machado testified that he had difficulty buttoning his shirt and picking up small items such as pennies and that he had been fired from his job as a busboy because he kept dropping glasses. All four of the positions that the VE testified were available to Machado exclude individuals whose manual dexterity and finger dexterity is in the bottom 10 percent of the population. The ALJ made no findings on whether Machado's condition fits within this parameter. We believe the ALJ needed to take Machado's testimony into account and to make findings as to whether *all* of Machado's limitations in manual dexterity and finger dexterity put him into the excluded category. *See* Soc. Sec. Rul. 00-4p; *Bray*, 554 F.3d at 1234; *see also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("[A]n ALJ is not free to disregard properly supported limitations.").

Accordingly, we affirm on the issue of borderline intellectual functioning, but reverse and remand for the ALJ to revisit the issues of manual dexterity and finger dexterity. He should, specifically, determine whether Machado's limitations

put him in the bottom 10 percent of the population.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Each party shall bear its own costs on appeal.